UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L NASH,

          Plaintiff,

   v.

GARRY E LUCAS, DOUGHER,
RICHARD J BISHOP, ANDERSON,
NAGY, HUFF, HOLOPETER.

          Defendants.

CASE NO. C14-5996 RBL-JRC

ORDER TO SHOW CAUSE

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    The Court has reviewed plaintiff's proposed civil rights complaint alleging a denial of access to courts (Dkt. 1-1). The allegations in the complaint relate to jail officials not giving plaintiff stamped envelopes, not considering mail from the Court as legal mail, and not allowing plaintiff an envelope so that he could send information to his bank (Dkt. 1-1).

Mail from the Court to a prisoner is not legal mail. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Further, the ability to contact a bank is not connected to the filing of pleadings or access to court.

For the reasons set forth below, the Court declines to serve the complaint in this case. Plaintiff shall show cause why this case should not be dismissed.

## DISCUSSION

Pursuant to the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). 42 U.S.C. § 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

The due process clause of the United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Bounds,* the Supreme Court held that the right of access imposes an affirmative duty on prison officials to

assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Lewis v. Casey*, 518 U.S. at 349. An actual injury consists of some specific instance in which an inmate was actually denied meaningful access to the courts. *Lewis*, 518 U.S. at 350–55 (1996).

An incarcerated person does not have a free standing right to a law library, and it is prison or jail officials, not the inmate, who chose the manner in which the state fulfills its obligation to provide access to courts. *Storseth v. Spellman*, 654 F.2d 1349 (9th Cir. 1981). Access requires state officials to assist in the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate legal assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. at 828; *Storseth*, 654 F.2d at 1352. The right does not address contacting financial institutions or a right to have mail from the Court treated as legal mail.

The right to access to courts is limited and it does not "guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *See Lewis*, 518 U.S. at 355. The right is constrained to actions challenging their sentences directly or collaterally, and to civil rights actions challenging their conditions of confinement (*id*.). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355  The Supreme Court has limited an inmate's right to access the courts to those situations involving his sentence or current conditions of confinement. *See Lewis*, 518 U.S. at 355.

Thus, the right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See Lewis*, 518 U.S. at 353 n.3, 354-55; *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim."); *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999). The right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *See Lewis*, 518 U.S. at 354-55; *Madrid*, 190 F.3d at 995; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action.").

On the basis of these standards, plaintiff has failed to state a claim upon which relief can be granted. Plaintiff fails to show that he was unable to file pleadings with the Court and the record in this action and 14-5997BHS/KLS shows that plaintiff is able to file complaints challenging his conditions of confinement. Plaintiff's ability to contact a bank is not within the scope of access to courts. Further, plaintiff fails to identify any actual injury resulting from a denial of access to materials.

Plaintiff is ORDERED to show cause why the Court should not dismiss this case as frivolous. Plaintiff must file a response with this Court on or before **February 13, 2015**. If he fails to do so, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a

1  claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless
2  the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3  Dated this 8th day of January, 2015.

J. Richard Creatura
United States Magistrate Judge